UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL SANCHEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>PATRICK COVELLO, Warden,<br><br>　　　　　　　　　　Respondent. | Case No.: 19cv1383-CAB (KSC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

　　　　Petitioner, a state prisoner incarcerated at the R. J. Donovan Correctional Facility ("RJDCF") in San Diego, California, and proceeding pro se, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a copy of his inmate trust account statement which the Court construes as a request to proceed in forma pauperis. (ECF Nos. 1-2.) Petitioner claims the RJDCF staff has harassed him by damaging his legal mail and personal property. (ECF No. 1 at 3, 5-6.) For the following reasons, the Petition is dismissed without prejudice to Petitioner to present his claim in a civil rights complaint, and his in forma pauperis application is denied as moot.

　　　　A state prisoner's claims either lie at "the core of habeas corpus" and are subject to the provisions of the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), or they "challenge[] any other aspect of prison life" and are subject to the provisions of the Prison Litigation Reform Act ("PLRA") and "must be brought, if at all, under § 1983." <u>Nettles v.</u>

1

19cv1383-CAB (KSC)

Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), citing Preiser v. Rodriguez, 411 U.S. 475, 487 (1973), and Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011). A court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action "after notifying and obtaining informed consent from the prisoner." Id. at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.")

Petitioner claims the RJDCF staff has inspected and torn his incoming mail and has lost or damaged his personal property in an attempt to harass him as a result of an inmate grievance he filed in 2018, and seeks a restraining order preventing them from continuing to do so. (ECF No. 1 at 3, 5-6.) This claim does not lie within the core of habeas corpus because success on the merits would not "necessarily" affect the duration of his confinement, and therefore the claim "must be brought, if at all, under § 1983." Nettles, 830 F.3d at 927.

Although the Court may construe a habeas petition which presents claims which do not lie at the core of habeas as a § 1983 action, "after notifying and obtaining informed consent from the prisoner," the Court declines to so construe this action. See Nettles, 830 F.3d at 936 ("If the complaint is amenable to conversion on its face, meaning it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint.") There are no allegations against the named Respondent in this action (the Warden of RJDCF), and it is unclear who Petitioner seeks to hold personally responsible for the alleged denial of his federal rights. See e.g. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."), citing Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). The interests of justice

do not counsel in favor of this Court construing this action as a § 1983 Complaint for that reason, and because it might expose Petitioner to the provisions of the PLRA, one of which provides that the entire $350 civil filing fee must be collected even if he qualifies to proceed in forma pauperis, and regardless of whether his action is ultimately dismissed. Bruce v. Samuels, 577 U.S. ___, 136 S. Ct. 627, 630 (2016). Accordingly, the Court declines to construe this action as a civil rights complaint pursuant to 42 U.S.C. § 1983. See Nettles, 830 F.3d at 936.

This action is **DISMISSED** without leave to amend but without prejudice to Petitioner to seek relief in a civil rights complaint pursuant to 42 U.S.C. § 1983. The application to proceed in forma pauperis is **DENIED** as moot. The Clerk of Court will send Petitioner a blank Southern District of California 42 U.S.C. § 1983 civil rights complaint form along with a copy of this Order.

**IT IS SO ORDERED.**

Dated: July 26, 2019

Hon. Cathy Ann Bencivengo
United States District Judge